Dear Ms. Simmons
Our office is in receipt of a request for an Attorney General's Opinion signed by all seven (7) members of the Louisiana State Board of Architectural Examiners ("Board"). The request has been assigned to me for research and reply. The request seeks an opinion from this office regarding whether the Board may transfer up to $50,000 annually from its surplus funds to: (1) a National Architectural Accrediting Board ("NAAB") architectural school in Louisiana so that the school could purchase technology, software, and information systems related to health, safety and welfare ("HSW") and (ii) architectural students in a NAAB architectural school in Louisiana entering the Intern Development Program ("IDP").
According to the opinion request, in order to practice architecture in the State of Louisiana, a person must pass an examination approved by the Board.[1] To qualify for the examination, a person must, among other things, hold a professional degree from a school whose curriculum has been accredited by the NAAB.[2] The request goes on to state that the architectural schools in Louisiana have expressed a need for technology, software, and information systems training related to HSW. In that regard, the Board would like to transfer monies to those schools for such acquisitions. The request indicates that any transfer of funds will be conditioned upon the architectural school applying for the surplus funds. Such application must contain a detailed description of the need for and the use of any funds received. In addition, any school receiving funds will be required to provide a report concerning its use of the funds. The Board seeks a *Page 2 
formal opinion regarding the legality of such a transfer.
The request further states that in addition to the examination and education requirements, La.Rev.Stat. 37:146.1 sets forth a training or experience requirement for obtaining an initial license to practice architecture in Louisiana. As set forth therein, an applicant is required to present satisfactory evidence to the Board of practical experience of training or experience in the field of architecture to obtain initial licensure. Unless the architect is registered to practice architecture in another state, the practical experience of training may be demonstrated only by satisfactory completion of the training requirements delineated by the National Council of Architectural Registration Board ("NCARB") in an IDP.
The request states that an architectural student may begin his or her IDP training while in school, and the present application fee for an IDP is $350. In these difficult economic times, the Board recognizes a need for assisting students enrolled in a Louisiana architectural school with this expense. According to the request, any expenditure by the Board for this purpose will ultimately and directly benefit the State. As such, the Board requests an opinion regarding whether it may lawfully transfer monies from its surplus funds to assist students in paying the IDP application fee.
Both of the questions presented involve the expenditure of public funds. As such, both questions must be examined in light of the constitutional restraints found in Louisiana Constitution Article VII, Section 14, which provides in part the following:
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
In light of the Louisiana Supreme Court decision in Board ofDirectors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11, it has consistently been the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds. *Page 3 
As noted in your opinion request, the Board's powers and authority are set forth in the Architects Licensing Law, La.Rev.Stat. 37:141 et seq. The Board has the power to regulate the practice of architecture under the laws of this state and further has the authority to make expenditures from its funds for any purpose which is reasonably necessary for the proper performance of its duties. La.Rev.Stat. 37:144.
La.Rev.Stat. 37:144 provides the following with respect to the power and authority of the Board:
 § 144. Powers, authority, and domicile of board
 A. Four members of the board constitute a quorum for the purpose of holding examinations, granting certificates, and transacting other business within the scope of this Chapter.
 B. The certificate of the board shall entitle the holder to practice as an architect in Louisiana.
 C. The board shall have the power to adopt and amend such rules and regulations as are reasonably necessary for the proper performance of its duties, for carrying out the purposes of this Chapter, for continuing education, for the regulation of the proceedings before it, and for the regulation of the practice of architecture under the laws of this state.
 D. The procedure for the adoption, amendment, and repeal of any rule or regulation shall be in accordance with the Administrative Procedure Act, R.S. 49:950, et seq., and the rules and regulations which may be adopted by the board shall be available for public inspection at the office of the State Board of Architectural Examiners.
 E. The board may employ clerical, or other assistants as are necessary for the proper performance of its work; may make expenditures from its funds for any purpose which is reasonably necessary for the proper performance of its duties under this Chapter; and may, if necessary, or upon advice of the attorney general, hire counsel for advice, for the representation of the board against violators of this Chapter and for the defense of any action brought against the board or its members or staff.
 F. The domicile of the board shall be Baton Rouge, Louisiana. *Page 4 
Turning attention now to your proposed expenditures, we must first determine whether: 1) transferring funds to an accredited Louisiana architectural school for the purchase of technology, software, and information systems related to HSW, and 2) transferring monies to assist students in paying the IDP application fee, constitute public purposes the Board has the legal authority to pursue. We will answer each question in turn.
First, although it appears clear that the Board has the authority to expend funds in connection the regulation of the practice of architecture, continuing education, and proceedings before the Board, we find there to be a difference between regulating the practice of architecture and providing funding to Louisiana architectural schools and architectural students. In our view, providing funding to schools and/or needy students, while commendable, does not reasonably relate to a governmental purpose which the Board has the legal authority to pursue. Accordingly, since the proposed expenditure fails to meet the first prong of theCabela's test, it is our opinion that the Louisiana Board of Architectural Examiners may not transfer funds to an accredited Louisiana architectural school for the purchase of technology, software, and information systems related to HSW. Our conclusion is supported by the prior opinions of this office. Seegenerally Attorney General Opinion No. 09-0271 (opining that Parish Library Board may not use public funds to pay for an employee to attend class at a local university), Attorney General Opinion No. 09-0104 (opining that Town does not have statutory or constitutional authority to use public funds to award college scholarships), Attorney General Opinion No. 09-0015 (opining the Civil Service Board of the St. Tammany Fire Protection District No. 4 cannot use public funds to pay for firefighters to receive a college degree).
Second, for precisely the same reasons, the Board may not use its public funds to assist students in paying the IDP application fee. The Board has neither the obligation nor the authority to fund architecture students' internship fees, even though the architects' licensing law requires completion of an internship to become licensed.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours Very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHNAEL J. VALLAN Assistant Attorney General
 JDC/MJV/chb
[1] Unless previously registered and currently licensed on September 1, 1972.
[2] Unless formal application was made for the examination before April 1, 1984, and other requirements were met.